**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4234**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

BALAL THEO CHOUDHARY, a/k/a Paco Choudhary,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Malcolm J. Howard, Senior District Judge.  (7:15-cr-00077-H-1)

Submitted:  November 18, 2016          Decided:  January 5, 2017

Before WYNN and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Balal Theo Choudhary pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012), possession of cocaine and marijuana with intent to distribute, 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (2012), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1) (2012). He received a sentence within his advisory Sentencing Guidelines range of 140 months' imprisonment. Choudhary now appeals, claiming that his sentence is substantively unreasonable. We affirm.

We review a sentence "under a deferential abuse-of-discretion standard." See Gall v. United States, 552 U.S. 38, 41 (2007). When reviewing for substantive reasonableness, we "examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence . . . satisfied the standards set forth in [18 U.S.C. §] 3553(a) [(2012)]." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the correctly calculated Sentencing Guidelines range, as it is here, we presume that the sentence is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). This presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a)

factors." United States v. Dowell, 771 F.3d 162, 176 (4th Cir. 2014) (internal quotation marks omitted).

Choudhary challenges the substantive reasonableness of his sentence on the basis that his sentence was excessive in light of his troubled upbringing and the fact that he was not a large-scale drug trafficker. We conclude, however, that Choudhary has not rebutted the presumption of reasonableness that we apply to his within-Guidelines sentence. Louthian, 756 F.3d at 306. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED